FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CARRIE WARD, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant - Appellee. | No. 11-56757 <br><br> D.C. No. 2:08-cv-02013-JHN-SS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Argued and Submitted August 30, 2013
Pasadena, California

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Plaintiffs brought suit against their former employer, Defendant Costco

Wholesale Corporation ("Costco"), under the federal Fair Labor Standards Act

("FLSA") and the California Labor Code, alleging that Costco had improperly

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

withheld wages from their final paychecks to repay the undisputed outstanding balances due on their company-guaranteed credit cards. On appeal, Plaintiffs claim that the district court erred in its judgment in favor of Costco after a bench trial. Plaintiffs argue that the district court made a "clear error[] of law" "by applying the credit-card deductions to employees' accrued vacation and sick pay." We review a district court's conclusions of law de novo. *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1125 (9th Cir. 2010).

The district court did not err in concluding that Plaintiffs failed to prove that Costco violated FLSA minimum wage and overtime provisions. The FLSA does not require employers to pay all remaining vacation and sick pay to employees upon termination. The sum of vacation and sick pay for each Plaintiff exceeded the amount Costco deducted under the credit card agreement. It was undisputed that the hourly wages exceeded the overtime and minimum wage requirements. Hence, the district court correctly found that the credit card deductions did not effect a violation of the overtime and minimum wage requirements.

Likewise, the district court did not err in concluding that Plaintiffs failed to prove that Costco violated California Labor Code Sections 201 and 203. This court "can affirm the district court on any grounds supported by the record." *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1062 (9th Cir. 2001) (quoting *Weiser v.*

2

*United States*, 959 F.2d 146, 147 (9th Cir. 1992)). Therefore, we need not decide whether the district court erred in ruling that Plaintiffs waived their California Labor Code Section 227.3 claim regarding vacation pay because we conclude that Plaintiffs' California Labor Code claims are foreclosed by the California Supreme Court's ruling in *Schachter v. Citigroup, Inc.*, 218 P.3d 262 (Cal. 2009). Prior to issuance of a credit card, each Plaintiff signed an agreement authorizing Costco to deduct the total remaining balance on his or her credit card from his or her final paycheck upon separation of employment with Costco. "Having elected to receive some of [their] compensation in the form of [credit card balances] , . . . [Plaintiffs] cannot now assert that [they] should have been paid in cash that portion of [their] compensation [that Plaintiffs] elected to receive [in the form of credit card balances]." *Id.* at 270. Therefore, as in *Schachter*, we conclude that Costco did "not run afoul of the Labor Code because no earned, unpaid wages remain outstanding upon termination according to the terms of" Plaintiffs' agreements with Costco. *Id.* at 265.

For the same reasons, we also reject Plaintiffs' challenge to the district court's denial of Plaintiffs' post-judgment motions. Finally, because we affirm the district court on the merits, we need not reach Plaintiffs' claim regarding the

3

district court's denial of class certification pursuant to Federal Rule of Civil Procedure 23.

**AFFIRMED.**